UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 5 - 2003

DAVID J. MALAND, CLERK
DEPUTY _____

|  |  |
|---|---|
| MOTOROLA, INC., ) |  |
| ) |  |
| Plaintiff and ) |  |
| Counterclaim-defendant, ) |  |
| ) | Civil Action No. 1:03-CV-0131 (Clark, J.) |
| v. ) |  |
| ) | JURY TRIAL DEMANDED |
| ANALOG DEVICES, INC., ) |  |
| Defendant and ) |  |
| Counterclaim-plaintiff. ) |  |

## ANSWER AND COUNTERCLAIMS OF ANALOG DEVICES, INC.

Analog Devices, Inc. ("Analog") answers the allegations of the First Amended Complaint for Damages and Injunctive Relief (the "Complaint") and asserts counterclaims as follows:

### PARTIES

1.  Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.  Analog admits the allegations in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.  No answer is required to the allegations contained in paragraph 3 of the Complaint, which merely state conclusions of law.

4.  No answer is required to the allegations contained in paragraph 4 of the Complaint, which merely state conclusions of law.

35 - ans.
35 - cntclm.

-1-

754.00001/211128.01

## THE PATENTS

5.	Analog admits that United States Patent No. 4,279,947, entitled "Deposition of Silicon Nitride," (the "Goldman Patent") was issued by the United Sates Patent and Trademark Office on July 21, 1981. Analog further admits that a copy of the Goldman Patent is attached to the Complaint as Exhibit A. Analog denies that the Goldman Patent was duly and legally issued.

6.	Analog admits that United States Patent No. 4,446,194, entitled "Dual Layer Passivation," (the "Candelaria Patent") was issued by the United States Patent and Trademark Office on May 1, 1984. Analog further admits that a copy of the Candelaria Patent is attached to the Complaint as Exhibit B. Analog denies that the Candelaria Patent was duly and legally issued.

7.	Analog admits that United States Patent No. 5,040,144, entitled "Integrated Circuit with Improved Power Supply Distribution," (the "Pelley Patent") was issued by the United States Patent and Trademark Office on August 13, 1991. Analog further admits that a copy of the Pelley Patent is attached to the Complaint as Exhibit C. Analog denies that the Pelley Patent was duly and legally issued.

8.	Analog admits that United States Patent No. 4,758,945, entitled "Method for Reducing Power Consumed by a Static Microprocessor," (the "Remedi Patent") was issued by the United States Patent and Trademark Office on July 19, 1988. Analog further admits that a copy of the Remedi Patent is attached to the Complaint as Exhibit D. Analog denies that the Remedi Patent was duly and legally issued.

9.	Analog admits that United States Patent No. 5,084,814, entitled "Data Processor with Development Support Features," (the "Vaglica Patent") was issued by the United State Patent and Trademark Office on January 28, 1992. Analog further admits that a copy of the

Vaglica Patent is attached to the Complaint as Exhibit E. Analog denies that the Vaglica Patent was duly and legally issued.

10.  Analog denies that it has infringed or is infringing any Patent-in-Suit, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

## BACKGROUND

11.  Analog denies the allegations contained in paragraph 11 of the Complaint.

12.  Analog denies the allegations contained in paragraph 12 of the Complaint.

13.  Analog admits that Motorola previously identified to Analog the Patents-in-Suit and filed its Complaint. Analog denies the remaining allegations contained in paragraph 13 of the Complaint.

## COUNT I

14.  Analog incorporates its responses to paragraphs 1-13 of the Complaint as if fully set forth herein.

15.  Analog denies the allegations contained in paragraph 15 of the Complaint.

16.  Analog denies the allegations contained in paragraph 16 of the Complaint.

## COUNT II

17.  Analog incorporates its responses to paragraphs 1-13 of the Complaint as if fully set forth herein.

18.  Analog denies the allegations contained in paragraph 18 of the Complaint.

19.  Analog denies the allegations contained in paragraph 19 of the Complaint.

## COUNT III

20.  Analog incorporates its responses to paragraphs 1-13 of the Complaint as if fully set forth herein.

21. Analog denies the allegations contained in paragraph 21 of the Complaint.

22. Analog denies the allegations contained in paragraph 22 of the Complaint.

23. Analog denies the allegations contained in paragraph 23 of the Complaint.

## COUNT IV

24. Analog incorporates its responses to paragraphs 1-13 of the Complaint as if fully set forth herein.

25. Analog denies the allegations contained in paragraph 25 of the Complaint.

26. Analog denies the allegations contained in paragraph 26 of the Complaint.

27. Analog denies the allegations contained in paragraph 27 of the Complaint.

## COUNT V

28. Analog incorporates its responses to paragraphs 1-13 of the Complaint as if fully set forth herein.

29. Analog denies the allegations contained in paragraph 29 of the Complaint.

30. Analog denies the allegations contained in paragraph 30 of the Complaint.

31. Analog denies the allegations contained in paragraph 31 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

32. Motorola is not entitled to any relief against Analog because Analog is not infringing and has not infringed any of the claims of the Goldman Patent, the Candelaria Patent, the Pelley Patent, the Remedi Patent, or the Vaglica Patent (collectively, the "Motorola Patents).

## SECOND AFFIRMATIVE DEFENSE

33. One or more of the claims of the Motorola Patents are invalid under one or more sections of Title 35 of the U.S. Code, including without limitation, 35 U.S.C. §§ 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE

34. One or more of the Motorola Patents are unenforceable against Analog because of estoppel, laches, or other applicable equitable doctrines.

## FOURTH AFFIRMATIVE DEFENSE

35. Analog, pursuant to 28 U. S. C. §1498(a), is exempt from liability because and to the extent that an alleged invention described in and allegedly covered by any Motorola Patent is used or manufactured by or for the United States.

## COUNTERCLAIMS

Counterclaim plaintiff Analog Devices, Inc. ("Analog") for its counterclaims against Motorola, Inc. ("Motorola") alleges as follows:

## PARTIES

1. Analog Devices, Inc. ("Analog") is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at One Technology Way, Norwood, MA 02062.

2. On information and belief, Motorola, Inc. ("Motorola") is a corporation organized under the laws of the State of Delaware with a principal place of business located at 1303 East Algonquin Road, Schaumburg, Illinois 60916.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

4. Motorola is subject to personal jurisdiction in this District.

5. Venue for this action is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

6. Upon information and belief, Motorola claims to be the owner of all rights, title and interest in and to the Goldman, Candelaria, Pelley, Remedi, and Vaglica Patents (collectively, the "Motorola Patents").

7. Motorola has accused Analog of infringement of the Motorola Patents.

8. Motorola's accusations give rise to a case of actual controversy within the jurisdiction of this Court, pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Further, Analog is the owner of all rights, title and interest in and to United States Patent Nos. 6,230,119 (the "Mitchell Patent"), 6,289,300 (the "Brannick Patent"), 5,175,550 (the "Kattmann Patent"), 5,026,667 (the "Roberts Patent"), 5,896,543 (the "Garde Patent"), and 5,479,048 (the "Yallup Patent") (collectively, the "Analog Patents").

10. Motorola has had actual and/or constructive notice and knowledge of the Analog Patents at least as of the date of the filing of this Answer and Counterclaims, which constitutes notice in accordance with 35 U.S.C. § 287.

## COUNT ONE
(Non-Infringement of the Motorola Patents)

11. Analog repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

12. Analog is not infringing and has not infringed, directly, by inducement or contributorily, on any claim of the Motorola Patents.

13. To resolve the legal and factual questions raised by Motorola and to afford relief from the uncertainty and controversy which Motorola's accusations have precipitated, Analog is entitled to a declaratory judgment that it does not infringe on any claim of the Motorola Patents.

## COUNT TWO
(Invalidity of the Motorola Patents)

14. Analog repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

15. One or more claims of the Motorola Patents are invalid under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112.

16. To resolve the legal and factual questions raised by Motorola and to afford relief from the uncertainty and controversy which Motorola's accusations have precipitated, Analog is entitled to a declaratory judgment that one or more claims of the Motorola Patents are invalid.

## COUNT THREE
(Unenforceability of the Motorola Patents)

17. Analog repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

18. One or more of the Motorola Patents are unenforceable against Analog because of estoppel, laches, or other applicable equitable doctrines.

19. To resolve the legal and factual questions raised by Motorola and to afford relief from the uncertainty and controversy which Motorola's accusations have precipitated, Analog is entitled to a declaratory judgment that one or more of the Motorola Patents are unenforceable.

754.00001/211128.01

## COUNT FOUR
(Infringement of the Mitchell Patent)

20.   Analog repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

21.   United States Patent No. 6,230,119, invented by Patrick M. Mitchell and entitled "Integrated Circuit With Embedded Emulator and Emulation System For Use With Such An Integrated Circuit," (the "Mitchell Patent") was duly and legally issued on May 8, 2001. A copy of the Mitchell Patent is attached hereto as Exhibit A.

22.   On information and belief, Motorola has infringed, and/or induced or contributed to the infringement of, the Mitchell Patent by making, using, importing into, offering for sale, or selling in the United States, or by inducing others to make, use, import into, offer for sale, or sell in the United States, products that incorporate the inventions claimed in the Mitchell Patent, including without limitation Motorola microcontrollers such as MC68HC908JB8.

23.   On information and belief, Motorola's infringement of the Mitchell Patent is willful. Motorola's continued infringement of the Mitchell Patent has damaged and will continue to damage Analog.

## COUNT FIVE
(Infringement of the Brannick Patent)

24.   Analog repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

25.   United States Patent No. 6,289,300, invented by Dara J. Brannick, Patrick M. Mitchell, Timothy J. Cummins and Brian J. O'Mara, entitled "Integrated Circuit With Embedded Emulator and Emulation System For Use With Such An Integrated Circuit," (the "Brannick Patent") was duly and legally issued on September 11, 2001. A copy of the Brannick Patent is attached hereto as Exhibit B.

26. On information and belief, Motorola has infringed, and/or induced or contributed to the infringement of, the Brannick Patent by making, using, importing into, offering for sale, or selling in the United States, or by inducing others to make, use, import into, offer for sale, or sell in the United States, products that incorporate the inventions claimed in the Brannick Patent, including without limitation Motorola microcontrollers such as MC68HC908JB8.

27. On information and belief, Motorola's infringement of the Brannick Patent is willful. Motorola's continued infringement of the Brannick Patent has damaged and will continue to damage Analog.

## COUNT SIX
(Infringement of the Kattmann Patent)

28. Analog repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

29. United States Patent No. 5,175,550, invented by Kevin M. Kattmann and Jeffrey G. Barrow and entitled "Repetitive Cell Matching Technique For Integrated Circuits," (the "Kattmann Patent") was duly and legally issued on December 29, 1992. A copy of the Kattmann Patent is attached hereto as Exhibit C.

30. On information and belief, Motorola has infringed, and/or induced or contributed to the infringement of, the Kattmann Patent by making, using, importing into, offering for sale, or selling in the United States, or by inducing others to make, use, import into, offer for sale, or sell in the United States, products that incorporate the inventions claimed in the Kattmann Patent, including without limitation Motorola set top boxes incorporating the BCM3300 and BCM3350 integrated circuits.

31.   On information and belief, Motorola's infringement of the Kattmann Patent is willful. Motorola's continued infringement of the Kattmann Patent has damaged and will continue to damage Analog.

### COUNT SEVEN
(Infringement of the Roberts Patent)

32.   Analog repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

33.   United States Patent No. 5,026,667, invented by Carl M. Roberts, Jr. and entitled "Producing Integrated Circuit Chips With Reduced Stress Effects," (the "Roberts Patent") was duly and legally issued on June 25, 1991. A copy of the Roberts Patent is attached hereto as Exhibit D.

34.   On information and belief, Motorola has infringed, and/or induced or contributed to infringement of, the Roberts Patent by making, using, importing into, offering for sale, or selling in the United States, or by inducing others to make, use, import into, offer for sale, or sell in the United States, products that incorporate the invention of, and/or were made using the methods claimed in the Roberts Patent, including without limitation integrated circuit products with insulating material between the chip and the plastic chip encapsulation, such as the Motorola MC 145484 DW and 145572 FN products.

35.   On information and belief, Motorola's infringement of the Roberts Patent is willful. Motorola's continued infringement of the Roberts Patent has damaged and will continue to damage Analog.

### COUNT EIGHT
(Infringement of the Garde Patent)

36.   Analog repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

-10-

37. United States Patent No. 5,896,543, invented by Douglas Garde and entitled, "Digital Signal Processor Architecture," (the "Garde Patent") was duly and legally issued on April 20, 1999. A copy of the Garde Patent is attached hereto as Exhibit E.

38. On information and belief, Motorola has infringed, and/or induced or contributed to infringement of, the Garde Patent by making, using, importing into, offering for sale, or selling in the United States, or by inducing others to make, use, import into, offer for sale, or sell in the United States, products that incorporate the inventions claimed in the Garde Patent, including without limitation Motorola processors such as MSC8101 based on the SC140DSP core.

39. On information and belief, Motorola's infringement of the Garde Patent is willful. Motorola's continued infringement of the Garde Patent has damaged and will continue to damage Analog.

## COUNT NINE
(Infringement of the Yallup Patent)

40. Analog repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

41. United States Patent No. 5,479,048, invented by Kevin Yallup and Oliver Creighton and entitled "Integrated Circuit Chip Supported By A Handle Wafer And Provided With Means To Maintain The Handle Wafer Potential At A Desired Level," (the "Yallup Patent") was duly and legally issued on December 26, 1995. A copy of the Yallup Patent is attached hereto as Exhibit F.

42. On information and belief, Motorola has infringed, and/or induced or contributed to infringement of, the Yallup Patent by making, using, importing into, offering for sale, or selling in the United States, or by inducing others to make, use, import into, offer for sale, or sell

in the United States, products that incorporate the inventions claimed the Yallup Patent, including without limitation Motorola processors such as the MPC7455.

43. On information and belief, Motorola's infringement of the Yallup Patent is willful. Motorola's continued infringement of the Yallup Patent has damaged and will continue to damage Analog.

## **PRAYER FOR RELIEF**

WHEREFORE, Analog Devices, Inc. requests entry of judgment in its favor and against Motorola as follows:

A.  Adjudge that Analog is the owner of the Analog Patents and of all right of recovery thereunder.

B.  Adjudge that Motorola is infringing the Analog Patents;

C.  Adjudge that Motorola's infringement of the Analog Patents was willful, and that Motorola's continued infringement of the Analog Patents is willful;

D.  Enter an order preliminarily and permanently enjoining Motorola from any further acts of infringement of the Analog Patents;

E.  Award damages in an amount adequate to compensate Analog for Motorola's infringement of the Analog Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

F.  Enter an order trebling any and all damages awarded to Analog pursuant to 35 U.S.C. §284;

G.  Enter an order awarding Analog interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

H.  Adjudge that Analog has not infringed any of the Motorola Patents and/or that such patents are invalid and/or unenforceable, and enter a declaratory judgment to that effect;

-12-

I. Dismiss Motorola's Complaint with prejudice, denying all relief to Motorola;

J. Enter an order finding that this is an exceptional case and award Analog its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

K. Award Analog such other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim Plaintiff Analog Devices, Inc. demands a trial by jury on all issues so triable.

Respectfully submitted,

By: _/s/ David Beck/MRW_
David J. Beck
Texas Bar No. 00000070
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX. 77010
(713) 951-3700
(713) 951-3720 (Fax)
dbeck@brsfirm.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT ANALOG DEVICES, INC.**

Dated: August 5, 2003

*Of Counsel*:

Michael E. Richardson
Beck, Redden & Secrest, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX. 77010
(713) 951-3700
(713) 951-3720 (Fax)

Wayne L. Stoner
Stephen M. Muller
Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in compliance with the Federal Rules of Civil Procedure on this 5th day of August, 2003 to:

J. Thad Heartfield
HEARTFIELD & MCGINNIS, LLP
2195 Dowlen Road
Beaumont, Texas 77706

David L. Larson
Behrooz Shariati
MCDERMOTT, WILL & EMERY
3150 Porter Drive
Palo Alto, California 94304

Fay E. Morisseau
Michael O'Neill
MCDERMOTT, WILL & EMERY
18191 Von Karman Avenue, Suite 500
Irvine, California 92612

Michael E. Richardson

754.00001/211128.01